IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SARAH BAZROWX | § | |
| | § | |
| VS. | § | |
| | § | |
| LYNN THOMPSON, TEXAS HOME | § | |
| HEALTH OF AMERICA, LP, | § | CASE NO. 1:12-cv-594 |
| GUARDIAN HOME CARE HOLDING, INC., | § | |
| ACCENTCARE, INC., ACCENT CARE, | § | |
| INC. EMPLOYEE BENEFIT PLAN AND | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. | § | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, **DEFENDANTS, GUARDIAN HOME CARE HOLDING, INC., TEXAS HOME HEALTH CARE HOLDING, INC., ACCENTCARE, INC., ACCENTCARE INC. EMPLOYEE BENEFIT PLAN AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC** ("Defendants") hereby file their Reply Brief in Support of Motion For Summary Judgment against Plaintiff Sarah Bazrowx ("Plaintiff"). Defendants would show the following:

1. Whether or not a conflict of interest exists does not change the abuse of discretion standard.

2. The Plan's decision was not arbitrary but is supported by substantial evidence and therefore, it must prevail.

## I. Law and Argument

### A. The Defendant's decision must be reviewed for an abuse of discretion.

A plan administrator's factual determinations are reviewed for abuse of discretion. An administrator's denial of ERISA benefits is also reviewed "for abuse of discretion where the plan grants the administrator discretionary authority to determine eligibility for benefits and to construe the terms of the plan. ***Evidence of a conflict of interest does not alter the abuse-of-discretion standard***, but rather is weighed as a factor in determining whether there is an abuse of discretion. The plaintiff has the burden to produce evidence that a conflict exists." *Menchaca v. CNA Group Life Assur. Co.*, 331 Fed. Appx. 298, 302 (5th Cir. 2009).

Whether or not a conflict of interest exists does not change the standard of review. Instead, it is only one of many factors used when reviewing the Plan's decision for abuse of discretion. Additionally, the plaintiff has the burden to produce evidence that a conflict exists. *Id.* Here the Plaintiff has not produced any such evidence. Even assuming there was a conflict, which Defendant denies, it was not an abuse of discretion for the Plan to deny the Plaintiff benefits for her claimed cervical injury and treatment.

### B. The Defendant did not abuse its discretion as there was substantial evidence to support its determination of benefits.

After the Plaintiff's fall, the Defendant, AccentCare, Inc. Employee Injury Benefit Plan, paid benefits to cover the Plaintiff's treatment at Xpress Care. Ms. Bazrowx had five visits with the

providers at Xpress Care. *See Plf. Exhibit C, P. 001 - 005.* In her Response, the Plaintiff emphasizes the notation of neck complains on November 30 and December 9 of 2010. *Id. at P. 004 - 005.* However, there are no other references or complaints of neck pain until June of 2011. *See Plf. Exhibit B, P. 021.* During that six month period, the Plaintiff treated continuously without any complaints of or treatment for neck pain. On June 23, 2011, the Plaintiff complained to Dr. Thorpe about neck pain . *See Plf. Exhibit B, P. 021.* Based on the Plaintiff's medical records, as well as the opinions of Dr. Holladay and Dr. Beavers, Defendant declined to cover the Plaintiff's treatment for neck pain as it was not related to the November 29, 2010 incident. Both Dr. Beavers and Dr. Holladay reviewed the Plaintiff's medical records. *See Plf. Exhibit A, P. 027 -031; 040 - 044.* Accordingly, the Plan's determination that the treatment for the Plaintiff's cervical spine was not related to the accident was not an abuse of discretion.

"Under the abuse of discretion standard, if the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. A decision is arbitrary if it is made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Id.* at 302 - 03.

This case is similar to *Corbello v. Sedgwick Claims Mgmt. Services, Inc.*, 856 F. Supp. 2d 868 (N.D. Tex. 2012). In *Corbello*, the plaintiff, Corbello, sued the defendant, Sedgwick, for wrongful denial of disability benefits. The plaintiff was seeking disability benefits due to stress and anxiety, which prevented her from being able to work. The defendant denied her claim for benefits.

The plaintiff was under the care of two medical providers. The defendant sent her medical records from these two providers to three physicians for review. Based on the plaintiff's medical records and reports from the three physicians, the defendant denied the plaintiff's claim for disability benefits stating that she was not "totally disabled." The plaintiff argued that the defendant did not give proper weight to her treating physician's notations and diagnosis of her treating physicians. None of the plaintiff's physicians or medical records reported that she was not able to work due to her condition. The plaintiff argued that the defendant's determination conflicted with her treating physicians' opinions as reported in her medical records. The Court noted that "the job of weighing valid, conflicting professional medical opinions is not the job of the courts; that job has been given to the administrators of ERISA plans." *Corbello*, 856 F. Supp. 2d at 885 (quoting *Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 401 (5th Cir. 2007). "There is no law that requires a district court to rule in favor of an ERISA plaintiff merely because [she] has supported [her] claim with substantial evidence, or even with a preponderance. If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." *Id.* at 886. The Court concluded that the opinions of the consulting physicians constituted substantial evidence in support of defendant's determination of benefits. *Id.*

Here, Defendant denied Ms. Bazrowx's claim for benefits for her claimed cervical injury based on the medical records submitted by the Plaintiff and on the opinions of two physicians who opined that the Plaintiff's alleged cervical injury was not related to the November 29, 2010 incident. The medical records show that there was a six month period where the Plaintiff was receiving medical treatment, but did not make any complaints of neck pain and did not receive any treatment

for her neck. Both physicians reviewed the Plaintiff's medical records. As in *Corbello*, the Defendant's determination of benefits was not arbitrary or capricious but was supported by substantial evidence, the Plaintiff's medical records and the opinions of two physicians.

## II. Conclusion

Because the Defendant's decision is supported by substantial evidence, and is not arbitrary or capricious, it has not abused its discretion. Although there is conflicting opinions regarding the cause of Plaintiff's cervical issues, it is not the Court's job to "weigh valid, conflicting professional medical opinions." *Corbello*, 856 F. Supp. 2d at 885. As a matter of law, the Defendant did not abuse its discretion since the Defendant's decision regarding Plan benefits was supported by substantial evidence. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's claims against them.

Additionally, the Plaintiff did not address or produce any evidence in her response to the Motion for Summary Judgment on the premises liability claim. Because the Plaintiff has failed to respond to the Motion for Summary Judgment on the premises liability claim, Defendants are, as a matter of law, entitled to summary judgment on the Plaintiff's premises liability claim.

## III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court enter summary judgment denying any and all relief requested by Plaintiff in this matter and that Plaintiff take nothing against Defendants, and further requests any and all other relief to which Defendants are justly entitled and for which they shall ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

/s/ Carlos A. Balido
CARLOS A. BALIDO
State Bar No. 01631230
MATT MONTGOMERY
State Bar No. 24041509
900 Jackson Street, Suite 600
Dallas, TX 75202
Tel: 214-749-4805
Fax: 214-760-1670
Carlos.Balido@wbclawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record on the 3RD day of February, 2014.

/s/Carlos A. Balido